Attorneys—Paul Howland and J. F. Smith, for Insurance Co.; Bayly, Lawrence & Beach, for Vaughan.

### No. 29
### BARA et al v. BEA et al
Ohio Appeals, 9th Dist., Lorain County
Nos. 271 and 272. Decided Nov. 9, 1923

367. DEEDS—Wherever the relation of debtor and creditor exist, trust deed considered a mortgage—Trust deed with powwer of at-

torney may be foreclosed without authority of court—Proper good faith, care and diligence, make the sale valid.

FUNK, P. J.

### Epitomized Opinion

This was an action to set aside a certain deed from one Howwells to Beal and to enjoin Beal from prosecuting an action in forcible detention against Bara. In October, 1917, Bara purchased from Beal 100 acres acres of land near Elyria, Ohio, for $16,000. About $12,000 was paid on this land. Being in default of payment and in bad financial condition, Bara gave a trust deed to the farm in question to a Land Title Company in order to procure its assistance in re-financing him. The trust deed contained a power of sale. Later the farm was sold to Beal without foreclosure. As Bara thought the land was sold at a sacrifice he brought this action to set aside this conveyance. In refusing the relief prayed for, the Court of Appeals held:

1. Whenever the relation of debtor and creditor exists and a trust deed is given as security for the debt, the conveyance must be regarded as a mortgage.

2. A deed of trust with the power of attached either in the insturment itself or in a separate writing may be foreclosed accordign to its terms, by the trustees, without the authority of a court

3. Under the evidence the Company acted with proper care and diligence and in good faith in the sale and disposal of the property and the same was therefore valid in every respect.

Attorneys—G. A. Resek and C. F. Adams, for Bara et al; F. A. Stetson, Geo. H. Chamberlain and L. D. Hamlin, Elyria, for Beal cte al.